UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GREG RUGGLES, Individually, | : |
| And | : |
| Leland Foster, Individually | : Case No. 1:12-cv-00134-RLM-RBC |
| Plaintiffs, | : |
| v. | : |
| HALL DRIVE-INS Inc., an Indiana Corporation, | : |
| Defendant. | : |

**AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
**(w/Jury Demand Endorsed Hereon)**

Plaintiff, GREG RUGGLES, Individually, and Plaintiff, Leland Foster, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant HALL DRIVE-INS Inc., an Indiana Corporation (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

**PARTIES**

1.  Plaintiff, GREG RUGGLES, is an individual residing in DEFIANCE, OH, in the County of DEFIANCE.

2.  Plaintiff, Leland Foster, in an individual residing in Swanton, OH, in the County of Fulton.

3.  Defendant's property, DON HALL'S GUESTHOUSE is located at 1313 West

Washington Center Road, Fort Wayne, IN in County of ALLEN.

## JURISDICTION AND VENUE

4. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331. Count II utilizes the same core of operative fact, and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

5. Venue is properly located in the Northern District of Indiana because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

6. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

7. Plaintiff, GREG RUGGLES is an OHIO resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Greg Ruggles is diagnosed with Spina Bifida, is an amputee and uses a wheelchair for mobility. GREG RUGGLES has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered significant architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

8. Greg Ruggles travels to Fort Wayne, Indiana on a monthly basis because this is the nearest mid-sized city to his home, he frequents the restaurants, shopping centers, businesses and establishments of Fort Wayne, including the restaurant and hotel property subject of this complaint. Further, Greg Ruggles visits friends who reside in Allen

County, IN often and on those visits Mr. Ruggles and his friends dine out in Fort Wayne, including at Don Hall's Restaurant in this property.

9. Plaintiff, LELAND FOSTER is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Leland Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Additionally Leland Foster has difficulty grasping with his hands also as a result of his disability. LELAND FOSTER resides within 100 miles of the restaurant and hotel property, has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

10. Plaintiff, Leland Foster, frequents Fort Wayne, Indiana to participate in sled hockey events hosted in Fort Wayne, as well as to purchase custom sporting equipment for the disabled at specialty retailers in Fort Wayne. Leland Foster has definite plans to return to Don Hall's Guesthouse as a restaurant customer and hotel guest.

11. Completely independent of the personal desires of the Plaintiffs to have access to this place of public accommodation free of illegal barriers to access, Plaintiffs each also act as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiffs employ a routine practice. Each Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and

subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiffs also intend to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiffs, in each Plaintiff's individual capacity as a customer and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

12. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as DON HALL'S GUESTHOUSE is located at 1313 West Washington Center Road, Fort Wayne, IN.

13. GREG RUGGLES and LELAND FOSTER have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 15 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. GREG RUGGLES and LELAND FOSTER desire to visit DON HALL'S GUESTHOUSE not only to avail themselves of the goods and services available at the property but to assure themselves that this property is in compliance with the ADA so

        that they and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

14. The Defendant has discriminated against each individual Plaintiff by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

15. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiffs in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of DON HALL'S GUESTHOUSE has shown that violations exist. These violations include, but are not limited to:

Parking:

    A.    Designated accessible parking is not dispersed throughout the parking lot in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services:

    B.    The lobby registration counter exceeds thirty-six (36) inches with no alternate lowered counter, in violation of the ADA whose remedy is readily achievable.

    C.    There is no swimming pool lift for use by the disabled at the swimming pool in violation of the ADA whose remedy is readily achievable.

Accessible Routes:

    D.    There are steps throughout the facility leading to restaurants, guestrooms and into the swimming pool facility, and also to enter the business center, with no accessible route to navigate the facility in violation of the ADA whose remedy is readily achievable.

Public Restrooms:

    E.    There is no "A" stall in the men's lobby restroom in violation of the ADA whose

      remedy is readily achievable.

- F. There are no rear grab bars in the designated accessible toilet stalls.

- G. There is insufficient clear floor space in the designated accessible toilet stalls in violation of the ADA whose remedy is readily achievable.

Guestrooms:

- H. Thee are no designated accessible guestrooms with roll-in shower in violation of the ADA whose remedy is readily achievable.

- I. There are an insufficient number of designated accessible guestrooms in violation of the ADA whose remedy is readily achievable.

- J. The designated accessible guestrooms have bathrooms with insufficient clear floor space for customer confined to a wheelchair to maneuver the room in violation of the ADA whose remedy is readily achievable.

- K. The bathroom doors in the hotel guestrooms have narrow width in violation of the ADA whose remedy is readily achievable.

- L. The door hardware in the designated accessible guestroom requires clasping or twisting in violation of the ADA whose remedy is readily achievable.

- M. The flush controls on the accessible guestroom water closet is not situated on the open side of the bathroom.

- N. Various guestroom amenities are mounted at heights in excess of the designated reach and mounting ranges in violation of the ADA whose remedy is readily achievable.

- O. There are numerous features of the designated accessible guestroom bathrooms that do not conform to the ADA guidelines whose remedy is readily achievable.

Policies and Procedures:

- P. The operator has inadequate or completely lacks defined policies and procedures for the assistance of disabled patrons.

16.    The discriminatory violations described in paragraph 15 are not an exclusive list of the Defendant's ADA violations.  Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the

ADA and all of the barriers to access.  The Plaintiffs, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiffs, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17. Plaintiffs restate the allegations of ¶¶1-16 as if fully rewritten here.

18. DON HALL'S GUESTHOUSE, and the businesses therein, are public accommodations and service establishments, and as such must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiffs were unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendant's property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations. as prohibited by 42 U.S.C. § 12182, *et seq.,* and will continue to discriminate against each Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including the Plaintiffs.

20. The Plaintiffs, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12187, Plaintiffs request that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiffs request reasonable attorneys fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF INDIANA CIVIL RIGHTS LAW
### In. Code §22-9-1 et seq.

22. Plaintiffs restate the allegations of ¶¶1-21 as if fully rewritten here.

23. DON HALL'S GUESTHOUSE, and the businesses therein, are "place[s] of public accommodation" pursuant to In. Code §22-9-1-3(m).

24. Defendant committed an unlawful act pursuant to In. Code §22-9-1-2(a) by denying the Plaintiffs equal access to and use of public accommodations.

25. The Plaintiff, Greg Ruggles, notified the Defendant of his complaints regarding handicap access in a letter dated February 26, 2012. The Defendant has not replied to this correspondence.

26. The Plaintiff, Leland Foster, was advised at check-in that this hotel property was not accessible for the disabled and that he should seek hotel accommodations elsewhere, at which point the hotel guest services agreed to cancel his hotel reservation.

27. Pursuant to In. Code §22-9-1-6, Plaintiffs are entitled to compensatory and punitive damages as necessary to insure justice, and attorneys fees and costs, in an amount to be determined at trial, but in any event not

less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal access to and use of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiffs demand,

for Count I, an injunction requiring Defendant to make all readily achievable alterations to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

for Count II, compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal access to and use of the goods, services, facilities, privileges, and advantages to disabled persons.

## JURY DEMAND

Plaintiffs demand a jury trial on liability and damages for Count II.

Respectfully Submitted,

*Counsel for Plaintiff:*

\s\  Owen B Dunn Jr.     dated: June 1, 2012

Owen B. Dunn, Jr., Esq. OH Bar Number 0074743
Law Office of Owen B. Dunn, Jr.
520 Madison Ave., Suite 330
Toledo, OH 43604
(419) 241-9661
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing was on this 1st day of June, 2012 served electronically to:

*Counsel for Defendants*

Jason T. Clagg
E-mail:  Jason.Clagg@btlaw.com
BARNES & THORNBURG LLP
600 One Summit Square
Fort Wayne, Indiana  46802

             By: /s/ Owen B. Dunn, Jr.
                Owen B. Dunn, Jr.